UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02250-SPG-JC | Date | January 30, 2026 |
|---|---|---|---|
| Title | Steve Salvador Ybarra v. Michelle Cathleen Ybarra ,et al. | | |

| Present: The Honorable | Jacqueline Chooljian, United States Magistrate Judge | |
|---|---|---|
| Kerri Hays | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| none present | none present |

**Proceedings:**      (IN CHAMBERS)

**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE
DISMISSED WITHOUT PREJUDICE FOR LACK OF VENUE**

## I.      BACKGROUND

On August 28, 2025, Plaintiff Steve Salvador Ybarra ("Plaintiff"), who is at liberty and is
proceeding *pro se*, paid the filing fee and filed a "Complaint for Violation of Civil Rights (42 U.S.C.
§§ 1983, 1985), Civil RICO [Racketeer Influenced and Corrupt Organizations Act], (18 U.S.C.
§§ 1962(c)), (d)), Fraud upon the Court, Defamation, and Relief under the [Parental Kidnapping
Prevention Act] PKPA (28 U.S.C. § 1738A)" ("Complaint" or "Comp.") against (1) Michelle Cathleen
Ybarra (Plaintiff's ex-wife); and (2) Edward Straight (Plaintiff's ex-wife's father), both of whom appear
to reside in Minnesota.  (Docket Nos. 1, 8).

Liberally construed, the Complaint essentially claims that Defendants engaged in a scheme to
deprive Plaintiff of custody of the children of Plaintiff and Defendant Ybarra by raising false allegations
and filing falsified and/or fraudulent affidavits in their family law case in Minnesota.  (Comp. at 4-7, 12-
23).  Plaintiff alleges that the Defendants publicly humiliated him and "turn[ed] courtrooms into theaters
of fraud, [] launder[ed] perjury into judicial acts, and [] stripped Plaintiff of due process protections in
full view of state officials."  (Comp. at 7).  Plaintiff asserts the following claims:  (1) Civil RICO:
Pattern of Mail Fraud, Wire Fraud, and Custody Enterprise (18 U.S.C. § 1962(c)); (2) RICO Conspiracy:
Agreement to Obstruct Justice and Suppress Child Abuse Evidence (18 U.S.C. § 1962(d)); (3) Civil
Fraud and Fraud on the Tribunal (Hazel-Atlas Remedy); (4) Defamation Per Se and Character
Assassination; (5) Deprivation of Parental and Familial Liberty Rights (42 U.S.C. § 1983; Fourteenth
Amendment); (6) Civil Rights Conspiracy to Silent Abuse Exposure (42 U.S.C. § 1985(3)); and
(7) Declaratory and Injunctive Relief under PKPA (28 U.S.C. § 1738A).  (Comp. at 23-25).

Plaintiff seeks among other things, $38-40 million in compensatory damages, $10 million for
emotional distress, $100,000 per month since November 2024 for each month he has assertedly been
unlawfully deprived of access to his children due to Defendants' assertedly fabricated allegations and

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02250-SPG-JC | Date | January 30, 2026 |
|---|---|---|---|
| Title | Steve Salvador Ybarra v. Michelle Cathleen Ybarra ,et al. | | |

fraudulent Minnesota custody orders, punitive damages, RICO treble damages, an order declaring all Minnesota custody orders void ab initio, and injunctive relief enjoining Defendants from enforcing assertedly fraudulent Minnesota orders.  (Comp.  at 29-33).

On November 11, 2025, Defendants, who are proceeding *pro se*, filed a "response" to the Complaint asserting, in part, that this Court lacks personal jurisdiction over them, and venue is improper in California, since they:  (1) are not residents of California, have not conducted any business, owned property, or committed any acts in California; (2) do not have sufficient minimum contacts with California for personal jurisdiction (citing International Shoe v. Washington, 326 U.S. 310 (1945)); and (3) have not availed themselves of the benefits or protections of California law.  (Docket No. 8 at 2).

**II.    PERTINENT LAW**

Federal law provides that a civil action may be brought in –

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  The Court has authority on its own motion to decide the venue issue and to dismiss the action before a responsive pleading is filed.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986); 28 U.S.C. § 1406(a).

**III.    DISCUSSION AND ORDER TO SHOW CAUSE**

Here, Plaintiff – who appears to have addresses in both California and New York (see Comp. at 1) – claims that the Court has personal jurisdiction over the Defendants because Defendants (1) "filed and pursued false custody proceedings" (which were in Minnesota) "knowing Plaintiff resided in California"; (2) "made defamatory and criminally false statements to law enforcement and public officials targeting Plaintiff's reputation and liberty while he was domiciled in California"; (3) "communicated threats, falsehoods, and defamatory statements to Plaintiff's family, friends, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02250-SPG-JC | | Date | January 30, 2026 |
|---|---|---|---|---|
| Title | Steve Salvador Ybarra v. Michelle Cathleen Ybarra ,et al. | | | |

professional contacts across Orange County, Los Angeles County, and San Bernardino County"; and (4) tracked Plaintiff's movements in California. (Comp. at 8-9). Plaintiff claims that venue is proper in the Central District of California because "a substantial part of the events and injuries giving rise to this action occurred in California, and Defendants' actions were expressly aimed at causing foreseeable harm to Plaintiff here." (Id. at 9).

Putting aside the question of whether this Court has personal jurisdiction over the Defendants, which the Court is not deciding and is not clear from the Complaint, Plaintiff has not alleged facts sufficient to show that venue in this District is proper. First, the Complaint does not allege where Defendants reside, much less that Defendants reside in the Central District of California. 28 U.S.C. § 1391(b)(1). As noted above, it appears that the Defendants reside in Minnesota. (Docket No. 8).

Second, it does not appear that any significant portion of Defendants' acts or omissions giving rise to Plaintiff's claims (versus the impact of their actions or omissions) alleged in the Complaint occurred in the Central District of California. Plaintiff's allegations mostly concern actions or inactions Defendants assertedly took related to state court custody proceedings in Minnesota. (Comp. at 4-9). Plaintiff's allegations that Defendants communicated threats, falsehoods, and defamatory statements to Plaintiff's family, friends, and professional contacts who are in Orange County, Los Angeles County, and San Bernardino County, and tracked Plaintiff's movements in California by surveillance through third parties (Comp. at 9), do not appear to be a substantial part of the conduct about which Plaintiff complains. Plaintiff's allegations that the Defendants' actions were intended to harm Plaintiff, who they knew at the time Plaintiff resided in Yucaipa, California (within the Central District of California), do not suggest that Defendants' conduct occurred in the Central District of California. 28 U.S.C. § 1391(b)(2).

To the extent Defendant may try to rely on Calder v. Jones, 465 U.S. 783 (1984), to argue that Defendants directing their conduct at California establishes venue within this District (see Comp. at 8 (citing same to argue personal jurisdiction over Defendants)), conduct directed at California for arguing personal jurisdiction is not the same as conduct within this District for establishing venue. Compare 28 U.S.C. § 1391(b)(2). In any event, for a defendant to have purposefully directed conduct at or to a forum, the defendant must have "(1) committed the intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1069 (9th Cir. 2017). There is no suggestion that any of the conduct about which Plaintiff complains was purposefully directed at California, much less that a substantial part of Defendants' actions took place within the Central District of California.

Third, the Complaint does not allege that there is any property subject to this action in the Central District of California. 28 U.S.C. § 1391(b)(2).

Finally, the Complaint does not allege facts suggesting that there is no district in which Plaintiff's claims could otherwise be brought. 28 U.S.C. § 1391(b)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02250-SPG-JC | Date | January 30, 2026 |
|---|---|---|---|
| Title | Steve Salvador Ybarra v. Michelle Cathleen Ybarra ,et al. | | |

Additionally, because Plaintiff asserts RICO claim(s), the Court must consider RICO's special venue provision.  See 18 U.S.C. § 1965(a) (venue provision). RICO's special venue provision authorizes any civil enforcement action to be brought "in the district court of the United States for any district in which [a defendant] resides, is found, has an agent, or transacts his affairs."  Id.  "Transacts his affairs" requires "business of a substantial and continuous character."  King v. Vesco, 342 F. Supp. 120, 124 (N.D. Cal. 1972).  Plaintiff fails to establish venue under RICO's special venue provision because he does not allege that the individual Defendants reside in California, or that Defendants transact their affairs or have agents in California.

For these reasons, it appears that venue is improper.  IT IS THEREFORE ORDERED that Plaintiff shall show cause in writing, **on or before February 20, 2026,** why this case should not be dismissed for lack of venue.

**Plaintiff is cautioned that the failure timely to comply with this order and/or to show cause, may result in the dismissal of this action for lack of venue.**

**If, in light of the contents of this Order, Plaintiff believes it is appropriate voluntarily to dismiss this federal action (without prejudice to raising his claims in a proper venue), Plaintiff may sign and return the attached voluntary dismissal form by February 20, 2026, in lieu of responding to the Order to Show Cause.**

IT IS SO ORDERED.

Attachment